UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MICHAEL FULTON, an individual; JENIFER RUTH SNYDER, an individual; SAN DIEGO BACKFLOW TESTING, INC., a California corporation; and SAN DIEGO BACKFLOW TESTING, a California entity,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO BACKFLOW TEST, a California entity; FARZIN BAZADEH, aka FRED BAZADEH, an individual; and DOES 1 through 15, inclusive,<br><br>Defendants. | Case No.: 21-CV-369-JLS (NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO REQUEST APPOINTMENT OF COUNSEL**<br><br>(ECF No. 9) |

Presently before the Court is a letter from Defendants Farzin Bazadeh and San Diego Backflow Test (collectively, "Defendants"), which the Court construes as a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) ("Mot.," ECF No. 9). The Motion indicates that Defendants "can not afford an attorney," so "[they] need a Public Defender to help [them] fight this case." *Id.* at 1.

///

As an initial matter, pursuant to this District's Local Rules:

> Only natural persons representing their individual interests in propia persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

S.D. CivLR 83.3(j); *see also In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law.") (collecting cases). Accordingly, to the extent the Motion purports to be from or on behalf of "San Diego Backflow Test Company," *see* Mot. at 1, the Court finds it is unable to grant the requested relief, as Mr. Bazadeh cannot represent San Diego Backflow Test and "[San Diego Backflow Test] may not file documents in this case unless and until [it is] represented by attorneys admitted to the bar of this court." *Denso Corp. v. Domain Name (denso.com)*, No. C 14-01050 LB, 2014 WL 4681179, at *4 (N.D. Cal. Sept. 19, 2014).

To the extent the Motion seeks appointment of counsel for Mr. Bazadeh as an individual, the Court notes that there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), the Court is only empowered to exercise that discretion if the litigant is "unable to afford counsel," 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person *unable to afford counsel*.") (emphasis added). "When a claim of poverty is made under section 1915 'it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*,

647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Mr. Bazadeh does not provide an affidavit verifying with some particularity his claim of poverty. The Court directs Mr. Bazadeh to Form CJA 23, "Financial Affidavit in Support of Request for Attorney, Expert, or Other Services Without Payment of Fee," *available at* https://www.casd.uscourts.gov/_assets/pdf/forms/Financial%20Affidavit.pdf (last visited Mar. 24, 2021), which will provide the Court with adequate factual information concerning Mr. Bazadeh's income, assets, obligations, and debts to assess whether he is sufficiently indigent for the Court to assess any request for appointment of counsel on the merits. However, the Court notes that, even if Mr. Bazadeh provides the Court with the requested financial information, Mr. Bazadeh is only entitled to appointment of counsel if he can establish "exceptional circumstances," which "requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Washington v. Rowland*, 29 F.3d 638 (9th Cir. 1994) (citations and internal quotation marks omitted). Thus, even if Mr. Bazadeh furnishes the Court with the requested financial information, his request for counsel will not be granted as a matter of right.

In light of the foregoing, the Court **DENIES** Defendants' Motion (ECF No. 9), **WITHOUT PREJUDICE** to Mr. Bazadeh filing an adequately supported motion to appoint counsel.

**IT IS SO ORDERED.**

Dated: March 29, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge